EDWARD V. WOODWARD, SR. AND WIFE, SHIRLEY B. WOODWARD v. HUBERT PRESSLEY AND WIFE, ALASKA PRESSLEY, AND DAVID J. HAYNES, TRUSTEE

No. 7830SC154

(Filed 5 December 1978)

**Fraud § 12— misrepresentation of profits of motel and cafeteria—sufficiency of evidence for jury**

> Plaintiff's evidence was sufficient for the jury on the issue of fraud by defendants in the sale of a motel and cafeteria to plaintiffs where it tended to show that, during negotiations for the sale, defendants presented to plaintiffs a profit and loss statement showing a net profit of over $80,000 for 1973, defendants filed a federal income tax return for 1973 showing a profit for the motel and cafeteria of only $9,143, and defendants had knowledge of the contents of the federal income tax return when they submitted the profit and loss statement to plaintiffs, notwithstanding defendants produced evidence that they had filed an amended federal income tax return for 1973 which showed the same profit as that shown in the profit and loss statement.

APPEAL by plaintiffs from *Griffin, Judge*. Judgment entered 19 September 1977 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 15 November 1978.

This is a civil action for damages and to restrain the foreclosure of a deed of trust, based on fraud in the sale of a motel and cafeteria. Plaintiffs' evidence tended to show that prior to their executing the contract of sale, defendants fraudulently presented to them a profit and loss statement (plaintiffs' Exhibit 3) showing a net profit of at least $80,285.58 for the year 1973; defendants filed a Schedule C form (plaintiffs' Exhibit 7) with their 1973 federal income tax return, showing a net profit of $9,143.55. In pretrial discovery, plaintiffs had secured a copy of the 1973 Schedule C form. During trial, plaintiffs called defendant Hubert Pressley as an adverse party witness. Pressley identified the Schedule C form and testified concerning it. Plaintiffs offered Exhibit 7 and defendants' objection thereto was sustained.

Defendants in their answer admitted the contract for the sale of the property by defendants to plaintiffs. Defendants admitted the consummation of the contract by delivery of deed, downpayment and execution and delivery of note and deed of trust for the balance of purchase price. Defendants admitted the delivery to plaintiffs of the profit and loss statement showing a net profit

for 1973 of $80,285.58. Defendants admitted the execution of plaintiffs' Exhibit 7. Defendants, in responding to discovery by plaintiffs, produced an amended Schedule C for their federal income taxes for 1973, showing a net profit of $35,395.21. This amended schedule included, in addition to the figures for their motel and cafeteria, income and expenses for defendants' campground and laundromat. The campground and laundromat were not sold to plaintiffs.

Plaintiffs also produced evidence tending to show damages sustained by them.

At the close of plaintiffs' evidence, the court allowed defendants' motion for involuntary dismissal. Plaintiffs appeal.

*Roberts, Cogburn & Williams, by Max O. Cogburn and James W. Williams, for plaintiff appellants.*

*Bennett, Kelly & Cagle, by Robert F. Orr, for defendant appellees.*

MARTIN (Harry C.), Judge.

We hold the trial court erred in dismissing plaintiffs' action. Plaintiffs' evidence must be considered in the light most favorable to them. *Scott v. Darden*, 259 N.C. 167, 130 S.E. 2d 42 (1963). In passing on this assignment of error, evidence erroneously excluded is to be considered with other evidence offered by plaintiffs. *Norburn v. Mackie*, 262 N.C. 16, 136 S.E. 2d 279 (1964).

Plaintiffs must produce evidence tending to show all the essential elements of fraud.

While fraud has no all-embracing definition and is better left undefined lest crafty men find a way of committing fraud which avoids the definition, the following essential elements of actionable fraud are well established: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.

*Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974); *Whitehurst v. Insurance Co.*, 149 N.C. 273, 62 S.E. 1067 (1908).

In their negotiation for the sale of the subject property, defendants submitted the profit and loss statement (plaintiffs' Exhibit 3) to plaintiffs. The representations therein were matters within the peculiar knowledge of defendants. Plaintiffs' evidence tends to show defendants had knowledge of the contents of the Schedule C form (plaintiffs' Exhibit 7) at and before they submitted the profit and loss statement (plaintiffs' Exhibit 3) to plaintiffs on 24 June 1974. The record does not disclose the date plaintiffs' Exhibit 7 was executed by defendants. Defendants were required to file their 1973 income tax return on or before 15 April 1974. Nothing in the record to the contrary, we may assume it was executed by defendants on or before 15 April 1974. Plaintiffs received the profit and loss statement (plaintiffs' Exhibit 3) by letter dated 24 June 1974. The contract of sale was executed 7 July 1974. The evidence is sufficient to raise a jury issue as to the falsity of the profit and loss statement (plaintiffs' Exhibit 3). This is true even considering the evidence of the amended Schedule C produced by defendants on cross-examination of Pressley. The difference in net profit as shown on Exhibit 3 and the amended Schedule C is $44,890.37. This is a substantial difference. There is no evidence in the record as to the date the amended Schedule C was filed with the Internal Revenue Service. The defendant Hubert Pressley testified "the amended return was before they ever brought suit against me. I guess I found the amended return in 1975. I don't remember exactly when the amended tax returns were filed." Defendants knew plaintiffs were dissatisfied with the transaction at the close of the 1974 season. Plaintiffs instituted suit 7 October 1975. We note, with interest, that entries on defendants' amended Schedule C form (filed as an exhibit on appeal) as to the income from the cafeteria and the motel are identical to the penny with those entries on the profit and loss statement (plaintiffs' Exhibit 3) submitted to plaintiffs 24 June 1974. Plaintiffs relied upon the profit and loss statement (plaintiffs' Exhibit 3) to their damage.

Plaintiffs' evidence, considered under the above stated principles, makes a case for the twelve. Since there must be a new trial, we refrain from discussing plaintiffs' assignment of error as to the exclusion of their Exhibit 7. The same may not occur at the next trial. The judgment of involuntary dismissal was improvidently entered and is

Reversed.

Judges MORRIS and ARNOLD concur.