MICHAEL D. VICKERY and wife, DIANE A. VICKERY, Plaintiffs v. OLIN HILL CONSTRUCTION COMPANY, INC., a corporation; MOORE INSUR-ANCE & REALTY COMPANY, INC., a corporation; and REBECCA HIN-SON, Defendants v. CLIFFORD McCLAIN HELMS and wife, MARIANNE H. HELMS; MOORE INSURANCE & REALTY COMPANY, INC., Third-Party Defendants

No. 7920SC789

(FILED 3 JUNE 1980)

1. **Principal and Agent § 4– sale of land by realtor – realtor as agent of landowner or realty company – jury question**

    In an action to recover for fraud, negligence, breach of contract, and unfair and deceptive trade practices in the sale of a lot and house, the trial court erred in directing verdict in favor of defendants where there was a jury question as to whether the realty company employee who sold the property to plaintiffs was acting as an employee or agent of the realty company, or as agent of the owner of the property, or as an independent contractor.

2. **Fraud § 12– sale of lot and house – misrepresentation as to inclusion of driveway – sufficiency of evidence of fraud**

    Evidence was sufficient for the jury in an action to recover for fraud in the sale of a house and lot where such evidence tended to show that the agent who sold the property to plaintiffs was very familiar with it, and the driveway had achieved significant notoriety; in selling the property to plaintiffs, the agent did not simply state her opinion that the property included the driveway, but she used a plat showing the driveway to be included, told plaintiffs she had measured the property line and that her measurement showed the driveway to be included, and drew plaintiffs' attention to a stake on the ground at a spot which would have included the driveway within the property; and plaintiffs presented two witnesses who testified they had informed the agent, prior to purchase of the land by plaintiffs, that the driveway was not on the property.

3. **Fraud § 5– reliance on misrepresentation – reasonableness – jury question**

    In an action to recover for fraud in the sale of a house and a lot to plaintiffs where plaintiffs claimed that defendant misrepresented to them that the property in question included a driveway which plaintiffs viewed during their inspection of the land prior to purchasing it, the trial court erred in directing verdict for defendants, since whether plaintiffs' reliance on defendant's representations was reasonable was a question to be resolved by the jury.

4. **Principal and Agent § 5.2– sale of house and lot by agent – breach of contract by landowner**

    Evidence was sufficient to take the case to the jury on plaintiffs' cause of

Vickery v. Construction Co.

action for breach of contract against defendant landowner where plaintiffs' evidence tended to show that defendant realtor had represented to plaintiffs that the land in question included a driveway, and the realtor was acting as the owner's agent, since, if a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone.

APPEAL by plaintiffs from *Seay, Judge.* Judgment and orders entered 20 April 1979 in Superior Court, UNION County. Heard in the Court of Appeals 4 March 1980.

This action arises out of plaintiffs' purchase of a house and lot owned by defendant Olin Hill Construction Company, Inc. (Hill). Plaintiffs allege in their complaint that Hill employed defendant Moore Insurance and Realty Company, Inc. (Moore) to sell the property and that they dealt with defendant Moore through an employee and agent, Rebecca Hinson. Plaintiffs aver that Hinson had misrepresented to them that a certain parcel of land which they were considering purchasing included a driveway which plaintiffs had viewed during their inspection of the property. Plaintiffs asserted four theories of recovery — fraud, negligence, breach of contract, and unfair and deceptive trade practices under G.S. 75-1.1, *et seq.*

Defendant Hill answered and impleaded the parties from whom it purchased the property, Clifford Helms and wife, Marianne Helms, as well as defendant Moore, alleging that the Helms had employed Moore to act as their agent in the sale of the subject property and that Moore had represented to Hill that the driveway was located on the property. Moore, answering plaintiffs' complaint, denied the essential allegations and additionally defended on grounds that Hinson, as agent of the defendants Helms, had originally sold the property to Hill and subsequently sold the property to plaintiffs as Hill's agent. Moore averred that it was not involved in either transaction, that it did not enter into a contract with any party with respect to the sale of the property, and that it did not make any representations to any party with respect to the property. Moore alleged that Hinson was an independent contractor and was not its agent or employee. Defendant Moore cross-claimed against Hinson and Hill.

Upon defendants' motions, the trial court entered directed verdicts in favor of all defendants and against the plaintiff at the close of the plaintiffs' evidence. Plaintiffs appeal.

*Casstevens & Hanner, P.A., by Robert P. Hanner II, for the plaintiff appellants.*

*Thomas, Harrington & Biedler, by Larry E. Harrington, for defendant Olin Hill Construction Company, Inc.*

*Griffin, Caldwell & Helder, P.A., by C. Frank Griffin, H. Ligon Bundy, and James E. Griffin, for defendants Moore Insurance and Realty Company and Rebecca Hinson.*

*Robert L. Holland for third-party defendants Clifford McClain Helms and wife, Marianne H. Helms.*

WELLS, Judge.

On a defendant's motion for directed verdict at the close of a plaintiff's evidence, the evidence must be taken as true and considered in the light most favorable to the plaintiff, and the motion may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897 (1974). A plaintiff is entitled to the benefit of every reasonable inference which may legitimately be drawn from his evidence. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 (1969); *Jenkins v. Starrett Corp.* 13 N.C. App. 437, 186 S.E. 2d 198 (1972).

[1] We first examine the evidence in support of plaintiffs' theory that defendant Hinson was acting as the agent of Hill and Moore in these transactions. On this issue, plaintiffs' evidence tended to show that they first learned of the subject property through an advertisement placed by Moore in the local newspaper. The newspaper ad set out the names of two persons — Roy Moore, Jr. and Rebecca Hinson. Plaintiff Michael Vickery telephoned Moore's office and Hinson answered the phone. Later, Moore joined an offer to purchase, executed by plaintiffs and defendant Hill, as escrow agent to

Vickery v. Construction Co.

acknowledge receipt of the deposit. Hinson, testifying as a witness for plaintiffs, stated that her work with Moore began in 1971, that there was a verbal agreement between Hill, Moore and herself, that she was compensated through real estate commissions, and that she sold the subject property from the Helms to Hill and then from Hill to plaintiffs, splitting the commissions with Moore. From this evidence, a jury question is presented as to whether Hinson was acting as an employee or agent of defendant Moore, or as the agent of Hill, or as an independent contractor. *See, Vaughn v. Dept of Human Resources*, 37 N.C. App. 86, 245 S.E. 2d 892 (1978), *aff'd*, 296 N.C. 683, 252 S.E. 2d 792 (1979).

[2]  We next examine whether plaintiffs' evidence was sufficient to take the case to the jury on the theory of fraud as against defendants Hinson, Hill, and Moore. Plaintiffs presented evidence that Hinson was very familiar with the property and that the disputed driveway had achieved significant notoriety. In selling the property to plaintiffs, Hinson did not simply state her opinion that the property included the driveway, but she used a plat showing the driveway to be included, she told plaintiffs she had measured the property line and that her measurement showed the driveway to be included, and she drew plaintiffs' attention to a stake on the ground at a spot which would have included the driveway within the property. Plaintiffs presented two witnesses who testified they had informed Hinson, prior to the purchase of the land by plaintiffs, that the driveway was not on the property. This evidence is sufficient to make out a case of actionable fraud in that defendant Hinson made a definite and specific representation that the driveway was on the property, the representation was false and was made either with knowledge of its falsity or in culpable ignorance of its truth, the representation was made with the intent to deceive, and it was reasonably relied upon by plaintiffs to their deception and damage. *See, Odom v. Little Rock & I-85 Corp.*, 299 N.C. 86, 261 S.E. 2d 99 (1980); *Johnson v. Owens*, 263 N.C. 754, 140 S.E. 2d 311 (1965); *see also, Kleinfelter v. Developers, Inc.*, 44 N.C. App. 561, 261, S.E. 2d 498 (1980); *Woodward v. Pressley*, 39 N.C. App. 61, 249 S.E. 2d 471 (1978); *Parker v. Bennett*, 32 N.C. App. 46, 231 S.E. 2d 10 (1977), *disc. rev. denied*, 292 N.C. 266, 233 S.E. 2d 393 (1977). If the jury should find that

plaintiffs were injured by the fraudulent representations of Hinson, then both Moore and Hill, as principals, must be held answerable for the fraudulent act of their agent.

The general rule is that a principal is responsible to third parties for injuries resulting from the fraud of his agent committed during the existence of the agency and within the scope of the agent's actual or apparent authority from the principal, even though the principal did not know or authorize the commission of the fraudulent acts. *Thrower v. Dairy Products*, 249 N.C. 109, 105 S.E. 2d 428; *King v. Motley*, 233 N.C. 42, 62 S.E. 2d 540; *Dickerson v. Refining Co.*, 201 N.C. 90, 159 S.E. 446; 3 C.J.S., Agency, § 257; 3 Am. Jur. 2d, Agency, §§ 261 and 264.

*Norburn v. Mackie*, 262 N.C. 16, 23, 136 S.E. 2d 279, 284-285 (1964). *See also, Parsons v. Bailey*, 30 N.C. App. 497, 227 S.E. 2d 166 (1976), *disc. rev. denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976); 37 Am.Jur. 2d, Fraud and Deceit §§ 311 and 312, pp. 411-414 (1968).

[3] Defendants Hinson and Moore argue that even if there were false representations made as to the inclusion of the driveway, they should not be held accountable because plaintiffs had a responsibility to make their own investigation to determine the truth of the matter, citing *Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881 (1957). We do not think *Calloway* is applicable here. A thorough discussion of the principles of law involved in this question may be found in *Kleinfelter v. Developers, Inc., supra. Kleinfelter* and the authorities discussed and cited therein may be distilled into this holding applicable to the facts of this case: Whether plaintiffs' reliance on Hinson's representation was reasonable or not is a question to be resolved by the jury.

The determination of the question of plaintiffs' cause of action for unfair trade practices under G.S. 75-1.1 is dependent upon the jury's response to the issue of fraud. If, on remand, the jury answers this issue in plaintiffs' favor, plaintiffs will be entitled to Chapter 75 damages. *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975); *Kleinfelter v. Developers, Inc., supra.*

[4] We also find the evidence sufficient to take the case to the jury on plaintiffs' cause of action for breach of contract against defendant Hill. Plaintiffs' evidence tends to show that Hill had listed the property with defendant Moore, and that Hinson, as their agent, had represented to plaintiffs that the driveway was included in the property conveyed. *See, Emerson v. Carras*, 33 N.C. App. 91, 234 S.E. 2d 642 (1977). Plaintiffs have not made out a case of breach of contract against defendants Hinson and Moore, as all of the evidence tends to show that they were acting as Hill's agents. If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone. *Jenkins v. Henderson*, 214 N.C. 244, 199 S.E. 37 (1938); *Way v. Ramsey*, 192 N.C. 549, 135 S.E. 454 (1926).

We do not believe that plaintiffs have presented sufficient evidence for the case to have been submitted to the jury on the theory of negligence. Actionable negligence presupposes the existence of a legal relationship between the parties by which the injured party is owed a duty which either arises out of a contract or by operation of law. *Pinnix v. Toomey*, 242 N.C. 358, 87 S.E. 2d 893 (1955). In the case *sub judice* there was no relationship between defendants and plaintiffs which would support a duty cognizable under our law of negligence.

As to Vickery, et ux v. Olin Hill Construction Company, Inc.; Moore Realty and Insurance Company, Inc.; and Rebecca Hinson; new trial.

As to defendants Helms; no error.

Judges HEDRICK and WEBB concur.