TED H. MARTIN, JR. AND ANITA C. MARTIN, PLAINTIFFS v. LISA BOGER
MONDIE; DWAYNE REX FLINCHUM; AND THE TOWN OF MOUNT AIRY,
DEFENDANTS

No. 8817SC1182

(Filed 1 August 1989)

**Municipal Corporations § 9.1— failure to serve arrest warrants—
subsequent accident involving defendant—no special duty of
town toward plaintiff—no negligence of town**

> In plaintiff's action to recover damages from defendant
> town on the theory that the town's police department was
> negligent in not promptly serving three outstanding arrest
> warrants on defendant driver and that this negligence was
> a proximate cause of plaintiff's injuries in an automobile acci-
> dent with defendant, the trial court properly entered summary
> judgment for defendant, since there was no allegation by plain-
> tiffs and no forecast of evidence that defendant town through
> its police officers created a "special duty" toward plaintiffs
> by promising them protection which was then not given, nor
> that plaintiff's injury resulted from reliance on such a promise,
> and any duty created by the issuance of arrest warrants was
> to the public at large rather than to plaintiff specifically.

APPEAL by plaintiffs from *Brown, Franklin R., Judge.* Judg-
ment entered 11 May 1988 in SURRY County Superior Court. Heard
in the Court of Appeals 10 May 1989.

Plaintiffs are citizens and residents of Surry County, North
Carolina. Defendants Mondie and Flinchum are also citizens and
residents of Surry County, North Carolina. Defendant Town of
Mount Airy (the Town), located in Surry County, is a municipal
corporation organized and existing under the laws of the State
of North Carolina.

On 6 September 1986, plaintiff Ted H. Martin, Jr. (hereinafter
plaintiff) was involved in an accident with defendants Mondie and
Flinchum when an automobile driven by Mondie crossed over the
center line of the road and collided head-on with the motorcycle
which was operated by plaintiff. Defendant Flinchum was a passenger
and owner of the vehicle driven by Mondie. At the time of the
accident defendant Mondie was driving without a license and under
the influence of intoxicating beverages but with the permission
of defendant Flinchum. As a result of the collision plaintiff was

seriously injured. After the collision Mondie fled the scene of the accident without attempting to aid plaintiff.

On 30 September 1987, plaintiffs filed a complaint seeking recovery for damages arising from the automobile accident. In their complaint plaintiffs asserted negligence claims against defendants Mondie, Flinchum and the Town and sought monetary damages for personal injury, loss of consortium, punitive damages and costs, including attorney's fees. Plaintiffs' claim against the Town arose out of the existence of three warrants outstanding against defendant Mondie at the time of the accident. The three warrants were: (1) driving while license revoked, issued 14 May 1986; (2) driving while impaired and improper equipment, issued 22 May 1986; and (3) improper registration, issued 22 May 1986. These warrants were not served on defendant Mondie until she was taken into custody following the accident in September. In their complaint, plaintiffs allege that the Mount Airy Police Department failed to exercise reasonable care to locate and arrest defendant Mondie between 14 May 1986 and the accident on 6 September 1986. Plaintiffs alleged that the police department's negligence in failing to perform its duty to serve the warrants was a proximate cause of the injuries suffered by plaintiff and that plaintiffs were therefore entitled to recover damages from the Town. The Town filed a motion to dismiss plaintiffs' claims for failure to state a claim for relief. This motion was denied. The Town subsequently filed a motion for summary judgment and offered supporting affidavits. Plaintiffs filed affidavits in opposition to the motion, filed an objection to the Town's affidavits, and requested the court to enter an order striking the affidavits. The matter was heard on 9 May 1988 and the trial court granted summary judgment in favor of defendant Town on 11 May 1988. On 20 July 1988, a consent judgment was entered against defendants Mondie and Flinchum. Plaintiffs appealed from the entry of summary judgment.

*Petree Stockton & Robinson, by W. Thompson Comerford, Jr., Jane C. Jackson and Barbara E. Brady, for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and James R. Morgan, Jr., for defendant-appellees.*

WELLS, Judge.

Plaintiffs assign error to the trial court's entry of summary judgment in favor of defendant Town. Plaintiffs contend that the

failure of the Town's police department to serve three outstanding arrest warrants on defendant Mondie over a period of approximately four months constituted negligent conduct on the part of the Town which was a proximate cause of plaintiff's injury. Plaintiffs contend that the issuance of the warrants created a duty on the part of the Town, through its police force, to promptly arrest defendant Mondie, and that its failure to do so constituted negligence or, at a minimum, presented a question for the jury on the issue of negligence, making an entry of summary judgment in favor of defendant Town improper.

"Summary judgment is appropriate only where the pleadings, affidavits and other evidentiary materials before the court disclose that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law." *Rolling Fashion Mart, Inc. v. Mainor*, 80 N.C. App. 213, 341 S.E. 2d 61 (1986). "Summary judgment is rarely appropriate in negligence cases." *White v. Hunsinger*, 88 N.C. App. 382, 363 S.E. 2d 203 (1988).

"Actionable negligence is the failure to exercise that degree of care which a reasonable and prudent man would exercise under similar conditions and which proximately causes injury or damage to another." *Williams v. Trust Co.*, 292 N.C. 416, 233 S.E. 2d 589 (1977). It "presupposes the existence of a legal relationship between the parties by which the injured party is owed a duty which either arises out of a contract or by operation of law." *Vickery v. Construction Co.*, 47 N.C. App. 98, 266 S.E. 2d 711, *disc. rev. denied*, 301 N.C. 106 (1980).

In the present case plaintiffs seek to recover damages from defendant Town on the theory that the Town's police department was negligent in not promptly serving the three outstanding warrants on defendant Mondie and that this negligence was a proximate cause of plaintiff's injuries. In *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E. 2d 2, *disc. rev. denied*, 322 N.C. 834, 371 S.E. 2d 275 (1988), we stated that "ordinarily, a municipality providing police services is engaged in a governmental function for which there is no liability." We went on to state that: "In furnishing police protection, a municipality ordinarily acts for the benefit of the public at large and not for a specific individual. . . . As the duty is to the general public rather than to a specific individual, no liability exists for the failure to furnish police protection." *Id.* at 193, 366 S.E. 2d at 6. (Citations omitted.) We noted in *Coleman*,

however, that there were two exceptions to the general rule set out above (1) "when there is a special relationship between the injured party and the police"; and (2) "when a municipality, through its police officers, creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered." *Id.* at 193-194, 366 S.E. 2d at 6. *See also Lynch v. North Carolina Department of Justice*, 93 N.C. App. 57, 376 S.E. 2d 247 (1989); *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. ---, 109 S.Ct. 998, 103 L.Ed. 2d 249 (1989) (dictum).

In the present case there is no allegation by plaintiffs and no forecast of evidence that defendant Town, through its police officers, created a "special duty" toward plaintiffs by promising them protection which was then not given, nor that plaintiff's injury resulted from reliance on such a promise. There is also no forecast of evidence of the existence of any "special relationship" between plaintiffs and defendant Town's police department of the kind discussed in *Coleman.* Plaintiffs contend instead that the existence of the arrest warrants created a statutory duty to serve the warrants by arresting defendant Mondie, a duty which was owed to plaintiffs, among others, by defendant Town. Plaintiffs further contend that defendant breached this statutory duty by failing to promptly serve the warrants and defendant should be liable for the resulting injury to plaintiffs on the theory of negligence. This argument is untenable. The duty created by the issuance of arrest warrants is to the *public at large* rather than specific individuals. An individual cannot base a claim of negligence on a breach of this statutory duty when law enforcement officials owe no duty to the specific individual, but owe it instead to the public at large.

"A defending party is entitled to summary judgment if he can show that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Little v. National Service Industries, Inc.*, 79 N.C. App. 688, 340 S.E. 2d 510 (1986). In the present case, defendant Town's forecast of evidence has shown that plaintiffs cannot establish an essential element of actionable negligence — a duty owed by defendant Town to plaintiffs which defendant Town has breached. Consequently, plaintiffs' cause of action must fail.

We hold that the trial court did not err in granting summary judgment for defendant Town. The assignment of error is overruled.

Plaintiffs also assign error to the trial court's reliance on affidavits offered in support of defendant Town's motion for summary judgment. Plaintiffs contend that the affidavits "contained hearsay, improper legal conclusions and statements otherwise inadmissible"; and that the trial court's reliance on these affidavits was improper. "Where the pleadings or proof of the plaintiff disclose that no claim exists, summary judgment for defendant is proper." *Colonial Building Co. v. Justice*, 83 N.C. App. 643, 351 S.E. 2d 140 (1986), *disc. rev. denied*, 319 N.C. 402, 354 S.E. 2d 711 (1987). While some of the materials before the trial court may have contained inadmissible evidence, the materials properly before the trial court established as a matter of law that plaintiffs cannot maintain their negligence claim against the Town. Summary judgment in favor of defendant Town was properly entered. The assignment of error is overruled.

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.