431 S.E.2d 216 (1993)
110 N.C. App. 749
Hannah Logan PREVETTE, Administratrix of the Estate of Hoke Lane Prevette, Jr., Deceased, Plaintiff,
v.
FORSYTH COUNTY; Forsyth County Animal Control Department; Forsyth County Animal Control Shelter; Jerry Canady, as Director of the Forsyth County Animal Control Shelter; Jerry Canady, Individually; and R.M. Swafford, Individually, Defendants.
No. 9221SC622.
Court of Appeals of North Carolina.
July 6, 1993.
*217 White and Crumpler by Dudley A. Witt and Teresa L. Hier, Winston-Salem, for plaintiff-appellant.
Womble Carlyle Sandridge & Rice by Allan R. Gitter and Ellen M. Gregg, Winston-Salem, for defendants-appellees.
WELLS, Judge.
As her sole assignment of error, plaintiff contends that the trial court improperly granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted. In Jackson v. Bumgardner, 318 N.C. 172, 347 S.E.2d 743 (1986), our Supreme Court stated the standard of review applicable to the case now before us as follows:
On a motion to dismiss for failure to state a claim upon which relief can be granted, N.C.R.Civ.P. 12(b)(6), all allegations of fact are taken as true but conclusions of law are not. See Sutton v. Duke, 277 N.C. 94, 176 S.E.2d 161 (1970). Dismissal of a complaint under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint on its face reveals the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim. Oates v. JAG, Inc., 314 N.C. 276, 333 S.E.2d 222 (1985).
More recently, in Herndon v. Barrett, 101 N.C.App. 636, 400 S.E.2d 767 (1991), this Court reiterated the standard for review of a trial court's 12(b)(6) dismissal.
"A complaint should be dismissed for failure to state a claim where it is apparent that plaintiff ... is entitled to no relief under any statement of facts which could be proven, more specifically, when there is an absence of law to support the claim asserted, a want of facts sufficient to establish a good claim, or some defense which will necessarily defeat the claim." Brawley v. Brawley, 87 N.C.App. 545, 552, 361 S.E.2d 759, 763 (1987), disc. rev. denied, 321 N.C. 471, 364 S.E.2d 918 (1988).
The Herndon Court went on to add:
"Strictly speaking, the concept of negligence is composed of two elements: legal duty and a failure to exercise due care in the performance of that legal duty...." O'Connor v. Corbett Lumber Corp., 84 N.C.App. 178, 181, 352 S.E.2d 267, 270 (1987).
In the case now before us, the plaintiff's allegations may be summarized as follows: During all relevant times complained of, Thomas F. Powell owned and kept two rottweiler dogs. On or about 20 October 1989, Hoke Lane Prevette, Jr. was jogging around Mr. Powell's neighborhood, was attacked by Powell's rottweilers, and suffered injuries from which he ultimately died on 20 October 1989.
During all relevant times, Forsyth County, through its departments, the Forsyth County Animal Control Department (FCACD) and the Forsyth County Animal Control Shelter (FCACS), and their agents, was charged with the responsibility of enforcing all state and county laws relating to the care, custody, and control of animals, including, inter alia, the confinement or leashing of vicious dogs. At the time in question, Jerry Canady was the duly appointed director of the Forsyth County Animal Control Shelter, and R.M. Swafford was an agent and employee of the Forsyth County Animal Control Shelter.
Prior to 20 October 1989, the two rottweilers, owned by Powell, were picked up by the FCACD and/or the FCACS for allegedly attacking or attempting to attack certain individuals in the area of 601 Banner Avenue, in Winston-Salem. On or about 16 August 1989, the rottweilers were again picked up by FCACD and/or FCACS and after making proper notice, the two dogs were placed for sale on or about 22 August 1989. On that same day, at 5:25 p.m., Powell redeemed the two dogs. Prior to 22 August 1989, agents of FCACD/ FCACS had repeatedly picked up Powell's rottweilers and knew said dogs to be vicious, *218 ferocious, and accustomed to threatening and/or attacking individuals around Powell's neighborhood. With knowledge of the rottweilers' dangerous tendencies, R.M. Swafford or some unknown animal control officer, allowed Powell to redeem his dogs. Such redemption was in violation of pertinent sections of the Forsyth County Code and constituted negligence per se. During all relevant times, Forsyth County's agents and/or employees were acting within the scope of their agency and employment.
Defendants Forsyth County, FCACD and FCACS were negligent because they failed to adequately train and supervise their employees/agents in that its agents failed to follow provisions of the Forsyth County Code when they allowed Mr. Powell to redeem his dogs, its agents failed to notify the Forsyth County Health Director of the dangerous propensity of Powell's dogs, and its agents failed to determine that said rottweilers were "potentially dangerous dogs" pursuant to N.C.Gen.Stat. § 67-4.1.
As a direct and proximate result of the defendants' negligence, Powell's rottweilers were in the neighborhood of 601 Banner Avenue on or about 20 October 1989, and attacked and killed Hoke Lane Prevette, Jr.
The factual allegations set forth in plaintiff's complaint operate to shield defendants from liability. In Braswell v. Braswell, 330 N.C. 363, 410 S.E.2d 897, rehearing denied, 330 N.C. 854, 413 S.E.2d 550 (1991), our Supreme Court discussed and applied the public duty doctrine.
The general common law rule, known as the public duty doctrine, is that a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals. Coleman v. Cooper, 89 N.C.App. 188, 193, 366 S.E.2d 2, 6, disc. rev. denied, 322 N.C. 834, 371 S.E.2d 275 (1988).
.....
While this policy is a necessary and reasonable limit on liability, exceptions exist to prevent inevitable inequities to certain individuals. There are two generally recognized exceptions to the public duty doctrine: (1) where there is a special relationship between the injured party and the police, for example, a state's witness or informant who has aided law enforcement officers; and (2) "when a municipality, through its police officers, creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered." Coleman v. Cooper, 89 N.C.App. at 194, 366 S.E.2d at 6; see also Martin v. Mondie, 94 N.C.App. 750, 752-53, 381 S.E.2d 481, 483 (1989). Although we have not heretofore adopted the doctrine with its exceptions, we do so now. [See also, Lynn v. Overlook Development, 98 N.C.App. 75, 389 S.E.2d 609, aff'd in part and reversed in part, 328 N.C. 689, 403 S.E.2d 469 (1991); and Hull v. Oldham, 104 N.C.App. 29, 407 S.E.2d 611, rev. denied, 330 N.C. 441, 412 S.E.2d 72 (1991)].
The defendants in the case at bar are being sued for their alleged failure to properly protect an individual from dogs which the defendants allegedly had reason to know were dangerous. Because this cause of action clearly arises out of Forsyth County's agents' alleged failure to provide sufficient protection to the individual decedent in this case, we must find that the public duty doctrine applies here and bars plaintiff's cause of action.
Plaintiff next contends that even if the public duty doctrine applies under these facts, an exception to the public duty doctrine should also apply and save plaintiff's cause of action. Plaintiff concedes the defendants never made any explicit promise of protection to the decedent which might fulfill the "promise of protection" exception to the public duty rule, but suggests that, by policing animal control in the neighborhood in which the intestate was attacked, defendants created a "special relationship" with the intestate. Plaintiff further contends that this alleged "special relationship" creates an exception to the public duty doctrine. Plaintiff cites no authority *219 for such a broad application of the "special relationship" exception and we perceive that to do so would not be consistent with our Supreme Court's holding in Braswell, supra.
Affirmed.
COZORT and JOHN, JJ., concur.