MARK A. SINNING AND WIFE, KATHY SINNING, PLAINTIFFS-APPELLANTS V. JOHN F. CLARK, CODE ADMINISTRATOR FOR THE CITY OF NEW BERN INSPECTION DEPARTMENT, IN HIS OFFICIAL CAPACITY AND AS AGENT FOR THE CITY OF NEW BERN, NORTH CAROLINA, LINWOOD E. TOLER, BUILDING INSPECTOR FOR THE CITY OF NEW BERN INSPECTION DEPARTMENT, IN HIS OFFICIAL CAPACITY AND AS AGENT FOR THE CITY OF NEW BERN, NORTH CAROLINA, AND THE CITY OF NEW BERN NORTH CAROLINA, DEFENDANTS-APPELLEES

No. COA94-1106

(Filed 18 July 1995)

**Municipal Corporations § 450 (NCI4th)— negligence of building inspectors—no special duty to homeowners—insufficiency of negligence allegations—action properly dismissed**

The provisions of N.C.G.S. § 160A-411 *et seq.* and the North Carolina State Building Code do not create a special duty owed by defendants, a city and its building inspectors, to plaintiff

**SINNING v. CLARK**

[119 N.C. App. 515 (1995)]

homeowners over and above the duty owed to the general public; therefore, the allegations of plaintiffs' complaint that their home had numerous structural defects and that defendants were negligent in the inspection of the residence during construction, in failing to require correction of numerous building code violations, and in failing to advise them that the residence was structurally unsound and unfit for occupation were insufficient to state a claim for relief for negligence, and the trial court did not err in dismissing this claim.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 138 et seq.**

**Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances. 38 ALR4th 1194.**

Appeal by plaintiffs from order entered 1 June 1994 by Judge Robert M. Burroughs in Craven County Superior Court. Heard in the Court of Appeals 7 June 1995.

Plaintiffs brought this civil action seeking compensatory and punitive damages against the City of New Bern and two of its employees in their official capacities, John F. Clark, Code Administrator for the City's Inspection Department, and Linwood E. Toler, a building inspector holding a Level III standard inspection certificate in building, electrical, mechanical and plumbing. Plaintiffs alleged that they entered into a contract in November 1989, with Bailey Custom Homes, Inc., for construction of a home located in New Bern, North Carolina. On several occasions while construction was in progress, defendant Toler inspected the residence for building code violations. On 20 December 1990, Toler issued plaintiffs a thirty day temporary certificate of occupancy, permitting plaintiffs to move into their home subject to Bailey "finish[ing] up small jobs." After moving into the residence, plaintiffs discovered several major structural defects in the construction of their home including, but not limited to, sagging and shifting floors, doors failing to close, windows out of plumb, cracked sheetrock and other wall materials, unlevel staircases, cracking brick veneer, leaking roof, and rotting front porch columns. Plaintiffs alleged that the City of New Bern has waived its sovereign immunity by the purchase of liability insurance and sought to assert claims for negligence, gross negligence, and negligent infliction of emotional distress.

Defendants filed a joint answer, which contained, *inter alia*, a motion to dismiss pursuant to G.S. § 1A-1, Rule 12(b)(6). Upon hearing the motion, the trial court entered the following order:

> [A]fter hearing arguments of counsel, reading the briefs and other matters submitted, studying the pleadings as well as other evidence, determines there are no genuine issues of material fact to be decided and all defendants are entitled to summary judgment as a matter of law.

From this order, plaintiffs appeal.

*White & Allen, P.A., by John P. Marshall and John C. Archie, for plaintiff-appellants.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Rudolph A. Ashton, III, Cynthia L. Turco and Scott C. Hart, for defendant-appellees Clark and Toler.*

*Ward, Ward, Willey & Ward, by A. D. Ward, for defendant-appellee City of New Bern.*

MARTIN, John C., Judge.

I.

Although the trial court's order purported to grant summary judgment in favor of defendants, the parties have stipulated that no extraneous materials were before the court; thus, defendants' Rule 12(b)(6) motion was not converted into one for summary judgment and the appropriate standard of review is that applicable to a Rule 12(b)(6) ruling. *Whitfield v. Winslow*, 48 N.C. App. 206, 268 S.E.2d 245, *disc. review denied*, 301 N.C. 405, 273 S.E.2d 451 (1980). That standard of review is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory . . . ." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). In ruling upon such a motion, the complaint is to be liberally construed, and the court should not dismiss the complaint "unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987).

Plaintiffs' primary claim against defendants is premised on the theory of ordinary common law negligence. In their complaint, plaintiffs allege that defendants were negligent in various respects in the

inspection of their residence during construction, including their failure to locate and require correction of numerous building code violations and structural defects, and their failure to advise plaintiffs that the residence was structurally unsound and unfit for occupation. Plaintiffs argue that these allegations, treated as true, are sufficient to withstand defendants' Rule 12(b)(6) motion.

The City of New Bern cannot be held liable for simple negligence unless the individual defendants or either of them, in their official capacities, were negligent. *See Pigott v. City of Wilmington*, 50 N.C. App. 401, 273 S.E.2d 752, *cert. denied*, 303 N.C. 181, 280 S.E.2d 453 (1981). "Actionable negligence is the failure to exercise that degree of care which a reasonable and prudent man would exercise under similar conditions and which proximately causes injury or damage to another." *Martin v. Mondie*, 94 N.C. App. 750, 752, 381 S.E.2d 481, 483 (1989), *quoting Williams v. Trust Co.*, 292 N.C. 416, 233 S.E.2d 589 (1977). Negligence "presupposes the existence of a legal relationship between the parties by which the injured party is owed a duty which either arises out of a contract or by operation of law." *Vickery v. Construction Co.*, 47 N.C. App. 98, 103, 266 S.E.2d 711, 715, *disc. review denied*, 301 N.C. 106 (1980). If there is no duty, there can be no liability. *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E.2d 2, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988). Plaintiffs argue that defendants had a duty, imposed pursuant to G.S. § 160A-411 *et seq.* and the North Carolina State Building Code, to conduct building inspections with due care, and that defendants failed to perform such duty, proximately causing damage. Citing the public duty doctrine, defendants respond, however, that because there was no legally enforceable duty owed by them specifically to plaintiffs, they cannot be held liable to plaintiffs for negligence.

The public duty doctrine is a common law rule providing for the general proposition that a municipality and its agents ordinarily act for the benefit of the general public and not for a specific individual when exercising its statutory police powers, and, therefore, cannot be held liable for a failure to carry out its statutory duties to an individual. *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992); *Lynn v. Overlook Development*, 98 N.C. App. 75, 389 S.E.2d 609 (1990), *affirmed in part, reversed in part*, 328 N.C. 689, 403 S.E.2d 469 (1991). The doctrine has been specifically adopted in North Carolina, *Braswell*, 330 N.C. at 371, 410 S.E.2d at 902, and has been applied by our Courts to various statutory governmental duties, including the provision of

police protection, *see Braswell, supra; Clark v. Red Bird Cab Co.,* 114 N.C. App. 400, 442 S.E.2d 75, *disc. review denied,* 336 N.C. 603, 447 S.E.2d 387 (1994); *Hull v. Oldham,* 104 N.C. App. 29, 407 S.E.2d 611, *disc. review denied,* 330 N.C. 441, 412 S.E.2d 72 (1991); *Martin v. Mondie, supra;* the provision of fire protection, *see Davis v. Messer,* 119 N.C. App. 44, 457 S.E.2d 902 (1995); and the provision of animal control services, *see Prevette v. Forsyth County,* 110 N.C. App. 754, 431 S.E.2d 216, *disc. review denied,* 334 N.C. 622, 435 S.E.2d 338 (1993). In *Lynn, supra,* this Court held that the duties imposed upon a municipality and its building inspector by G.S. § 160A-411 *et seq.* and the North Carolina State Building Code fell within the municipality's statutory police powers and, consequently, were duties owed to the general public and not to the individual plaintiffs in that case.

In adopting the public duty doctrine, the Supreme Court also adopted two generally recognized exceptions to its general prohibition against liability: First, where there is a special relationship between the injured party and the municipality, and second, where the "municipality . . . creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered." *Braswell,* 330 N.C. at 371, 410 S.E.2d at 902, *quoting Coleman,* 89 N.C. App. at 194, 366 S.E.2d at 6. The two exceptions have been narrowly applied. *Clark, supra.*

Plaintiffs argue that both exceptions apply; they contend Toler's active negligence created a special relationship with plaintiffs, and G.S. § 160A-411 *et seq.* and the North Carolina State Building Code created a special duty owed them by defendants. We reject their arguments.

No special relationship, as contemplated by *Braswell,* existed between plaintiffs and defendants. G.S. § 160A-411 *et seq.* and the North Carolina State Building Code are safety statutes, intended to promote the safety of the general public. *Lynn,* 328 N.C. at 695, 403 S.E.2d at 472. A showing that a municipality has undertaken to perform its duties to enforce such statutes is not sufficient, by itself, to show the creation of a special relationship with particular individual citizens. If such a relationship was found to exist in an instance such as this, a municipality would become a virtual guarantor of the construction of every building subject to its inspection, exposing it to

an overwhelming burden of liability for failure to detect every code violation or defect.

To bring themselves within the special duty exception to the public duty doctrine, plaintiffs must show that an actual promise was made to create the special duty, the promise was reasonably relied upon by plaintiffs, and that the plaintiffs' injury was causally related to such reliance. *Braswell, supra.* We found, in *Davis, supra,* allegations that plaintiffs called 911 to report a fire at their residence, a fire fighter for defendant municipality advised the 911 operator that the town's fire department would respond, plaintiffs relied upon the representation and did not attempt to call any other fire department, and the promised assistance was not rendered, were sufficient to make out a *prima facie* showing of the special duty exception to the public duty doctrine.

In the present case, plaintiffs have not alleged an actual promise, but contend a special duty was owed to them pursuant to the provisions of G.S. § 160A-411 *et seq.* and the North Carolina State Building Code. Our courts have recognized that a special duty may be imposed by statute. *See Coleman,* 89 N.C. App. at 195-96, 366 S.E.2d at 7, *citing Lutz Industries, Inc. v. Dixie Home Stores,* 242 N.C. 332, 88 S.E.2d 333 (1955) and *Restatement (Second) of Torts* § 286 (1965). In *Coleman,* we held that G.S. § 7A-517 *et seq.* was intended to protect a specific class of individuals, i.e., abused children, from harm, so that a county Department of Social Services owed a special duty of protection to them, a breach of which could support an action for negligence.

In *Lynn, supra,* however, we considered whether such a special duty was created by the very same statutes involved in the present case and held, as previously noted, that the duty imposed by those statutes was owed to the general public rather than the individual plaintiffs. *Lynn,* 98 N.C. App. at 78, 389 S.E.2d at 611. On appeal, the Supreme Court affirmed the dismissal of the plaintiffs' claim against the municipality and its building inspector because it held that the acts or omissions of the inspector were not the cause of the plaintiffs' damage; the Court declined to decide the issue of whether the above-cited statutes created a duty owed by the city building inspector to a purchaser. *Lynn,* 328 N.C. at 695, 403 S.E.2d at 472-73. Thus, we continue to follow our decision in *Lynn,* and hold that the provisions of G.S. § 160A-411 *et seq.* and the North Carolina State Building Code do not create a special duty owed by defendants to plaintiffs over and

above the duty owed to the general public. There being no such duty owed, the allegations of plaintiffs' complaint are insufficient to state a claim for relief for negligence, and the trial court did not err in dismissing this claim.

## II.

Plaintiff Kathy Sinning also sought to assert a claim against defendants for negligent infliction of emotional distress. As acknowledged by her counsel at oral argument, the decisions of our Supreme Court in *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 334 N.C. 669, 435 S.E.2d 320 (1993) and *Gardner v. Gardner*, 334 N.C. 662, 435 S.E.2d 324 (1993) are dispositive, and the trial court properly dismissed her claim for negligent infliction of emotional distress.

## III.

Finally, plaintiffs sought to assert a claim for gross negligence, alleging defendants' conduct to have been "willful and wanton" and "in reckless disregard of [their] rights." In addition, they attached to their complaint a copy of a report issued by the North Carolina Code Officials Qualifications Board, in which the Board had concluded, as a result of an investigation undertaken at plaintiffs' request, "that there appear[ed] to be basis in fact to the charge of willful misconduct, gross negligence, or gross incompetence against Lenwood (sic) E. Toler." Plaintiffs contend that these allegations, treated as true, are sufficient to withstand defendants' Rule 12(b)(6) motion with respect to their gross negligence claim. However, in *Clark*, 114 N.C. App. at 406, 442 S.E.2d at 79, we stated:

> The public duty doctrine previously has barred claims of gross negligence . . . . Only where the conduct complained of rises to the level of an intentional tort does the public duty doctrine cease to apply. We have examined plaintiff's complaint and find no difference between the allegations used to support negligence, gross negligence, and the actions plaintiff describes as "wanton," "wilful," and "reckless." As long as the claim is negligence, even couched in terms of "gross," "wanton," or "wilful," the public duty doctrine supports the dismissal of the complaint based on the failure to state a claim. (Citations omitted.)

Consequently, plaintiffs have also failed to state a claim against defendants for gross negligence and the trial court properly dismissed it.

Affirmed.

Judges JOHNSON and GREENE concur.