TANYA M. TISE, EXECUTRIX OF THE ESTATE OF AARON G. TISE, JR., Plaintiff v.
YATES CONSTRUCTION COMPANY, INC., Defendant

No. COA95-664

(Filed 4 June 1996)

**Sheriffs, Police, and Other Law Enforcement Officers § 22 (NCI4th); Workers' Compensation § 80 (NCI4th)— no duty owed by city to deceased police officer—no actionable negligence—negligence of defendant and City employer not concurrent**

Where police officers responded to a call at a construction site that someone was tampering with defendant's heavy equipment, the officers apprehended no one but attempted to disable a grader's ignition to prevent its theft, the officers failed to contact defendant about trespassers at the site, and sometime later a trespasser drove the grader onto a public street and then onto deceased's patrol car, crushing him, there was no merit to defendant's contention that its allegations were sufficient to allege that the negligence of the City of Winston-Salem, through the actions of its officers, joined and concurred with defendant's negligence to cause deceased's death so as to bar the City's subrogation rights and to require a reduction of damages under N.C.G.S. § 97-10.2(e) for workers' compensation benefits paid to deceased's estate, since defendant did not sufficiently allege facts disclosing that a duty was owed by the City to deceased police officer, which was an essential element of actionable negligence. There was no merit to defendant's contention that N.C.G.S. § 97-10.2(e) and the requirement of N.C.G.S. § 95-129(1) that the City furnish to each of its employees "a place of employment free from recognized hazards that are causing or likely to cause death or serious injury or serious physical harm to [its] employees" created a special relationship between the City and the officer which gave rise to a duty of protection owed to him by the City, since those statutes created no greater duty on the part of the city to protect the officer from the criminal acts of others while he was executing his duties than the duty owed to the general public.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180; Workers' Compensation § 446.**

**TISE v. YATES CONSTRUCTION CO.**

[122 N.C. App. 582 (1996)]

**Modern status of effect of state workmen's compensation act on right of third-person tortfeasor to contribution or indemnity from employer of injured or killed workman. 100 ALR3d 350.**

Appeal by defendant from order entered 15 March 1995 by Judge Forrest D. Bridges in Forsyth County Superior Court. Heard in the Court of Appeals 29 February 1996.

*Womble Carlyle Sandridge & Rice, PLLC, by Gusti W. Frankel, and Assistant City Attorney Lynda S. Abramovitz, for appellee City of Winston-Salem.*

*Bennett & Blancato, LLP, by William A. Blancato for defendant-appellant.*

MARTIN, John C., Judge.

Plaintiff, as executrix of the estate of Aaron G. Tise, Jr., deceased, brought this action to recover damages for Tise's wrongful death, which plaintiff alleged was proximately caused by the negligence of defendant, Yates Construction, Inc. ("Yates"). In her complaint, plaintiff alleged the following: At the time of his death on 26 June 1992, Tise was employed as a lieutenant with the Winston-Salem Police Department. Defendant Yates was engaged in a construction project in the vicinity of New Walkertown Road in Winston-Salem, North Carolina, and had several pieces of heavy grading equipment on the site. In the early morning hours of 26 June, Winston-Salem police responded to a call that unknown persons were tampering with the equipment at the construction site. The officers were unable to locate any suspects and were also unable to locate any information regarding who should be contacted about the security of the equipment. The officers left the scene.

Sometime later, four individuals went to the construction site and began tampering with the grading equipment. One of the individuals, later identified as Conrad Crews, climbed onto a grader, started it, and drove it onto the roadway and proceeded toward East Drive. The disturbance was reported to the Winston-Salem Police Department and Lieutenant Tise, along with other officers, responded. As Lieutenant Tise was parked in his patrol car on East Drive, Crews drove the grader up onto the patrol car crushing Tise, who died as a result of his injuries. Plaintiff alleged that Yates was negligent in various respects, including, *inter alia*, that it knew or should have

known that there was a substantial risk that its construction equipment would be subject to tampering or attempted operation by unauthorized persons and that it failed to provide safety devices or other appropriate security to prevent the unauthorized operation of the equipment.

Yates denied plaintiff's allegations of negligence. Pursuant to G.S. § 97-10.2(e), Yates also asserted, as a bar to any subrogation rights of the City of Winston-Salem ("City") for workers' compensation benefits paid to Lieutenant Tise's estate and in reduction of damages recoverable by plaintiff, that actionable negligence on the part of the City had joined and concurred with any negligence on the part of Yates in causing Lieutenant Tise's death. Specifically, Yates alleged that the Winston-Salem police officers who had responded to the initial complaint at the construction site (1) had failed to take all reasonable precautions to prevent the further tampering and theft of the grading equipment, (2) had ineffectively attempted to disable the equipment, and (3) had failed to contact any representative of Yates about trespassers at the site and/or tampering with the equipment until after the fatal incident. Defendant Yates also alleged that the City had waived its governmental immunity pursuant to G.S. § 160A-485.

The City filed a notice of appearance and answer denying negligence on the part of its officers and asserting North Carolina's public duty doctrine as a defense. The City also moved to dismiss, pursuant to G.S. § 1A-1, Rule 12(b)(6), Yates' allegations against it. Yates appeals from the trial court's order granting the City's motion to dismiss.

I.

As noted by the City in its brief, Yates' appeal is from an interlocutory order, since the order "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). As a general rule, a party has no right to immediate appellate review of an interlocutory order. *Id.* However, where the order affects a substantial right of a party which will be prejudiced by a delay in appellate review until after final judgment, immediate review is authorized. N.C. Gen. Stat. § 1-277(a) (1983); N.C. Gen. Stat. § 7A-27(d)(1) (1995); *Davidson v. Knauff Ins. Agency*, 93 N.C. App.

20, 376 S.E.2d 488, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989). The substantial rights exception has been specifically applied to the assertion of the public duty doctrine as an affirmative defense. *Clark v. Red Bird Cab Co.*, 114 N.C. App. 400, 442 S.E.2d 75, *disc. review denied*, 336 N.C. 603, 447 S.E.2d 387 (1994). Therefore, Yates' appeal is properly before us.

## II.

Yates' sole assignment of error is directed to the dismissal, pursuant to G.S. § 1A-1, Rule 12(b)(6), of its claim in bar of the City's subrogation rights and for a credit pursuant to G.S. § 97-10.2(e). "The only purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleading against which it is directed." *Azzolino v. Dingfelder*, 71 N.C. App. 289, 295, 322 S.E.2d 567, 573 (1984), *affirmed in part, reversed in part*, 315 N.C. 103, 337 S.E.2d 528 (1985), *cert. denied*, 479 U.S. 835, 93 L.Ed.2d 75 (1986) (citations omitted). The question presented to the court by a Rule 12(b)(6) motion is whether, as a matter of law, the allegations of the pleading, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). The court should liberally construe the challenged pleading, and the court should not dismiss it *"unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."* *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979), (*quoting* 2A Moore's Federal Practice, § 12.08, pp. 2271-74 (2d ed. 1975) (emphasis in original)).

G.S. § 97-10.2(e) provides, in pertinent part, that when an employee, or the personal representative of a deceased employee, having received workers' compensation benefits for a work-related injury or death, files suit against a third party for negligently causing the injury or death, the third party may, in defending such proceeding, allege in his answer that actionable negligence of the employer joined and concurred with his negligence. Upon service of the answer upon the employer, the employer has the right to appear and participate in the suit as fully as though joined as a party. N.C. Gen. Stat. § 97-10.2(e) (1991). If the third party "sufficiently alleges actionable negligence" on the part of the employer, the trial court must submit an issue to the jury as to whether actionable negligence of the employer joined and concurred with the negligence of the third party. *Id.* If the jury finds that the employer's actionable negligence joined

TISE v. YATES CONSTRUCTION CO.

[122 N.C. App. 582 (1996)]

and concurred with the negligence of the third party in producing the injury or death of the employee, the court must reduce the damages awarded by the jury against the third party by the amount which the employer would otherwise be entitled to receive therefrom by way of subrogation. *Id.*

In this case, Yates alleged that the City, through its police department, negligently handled the initial call to the construction site and that such negligence was a proximate cause of Lieutenant Tise's death. Specifically, Yates pleaded as negligence, the failure of the City's police officers to contact Yates about trespassers at the site and/or the tampering with Yates' equipment by unauthorized individuals, and the ineffective actions taken by the officers in attempting to disable the grader's ignition and prevent the theft of the equipment. Yates argues that these allegations, when taken as true, sufficiently allege that the City's negligence joined and concurred with its negligence to cause Lieutenant Tise's death so as to bar the City's subrogation rights under G.S. § 97-10.2(e), and therefore, were sufficient to withstand the City's Rule 12(b)(6) motion. We disagree.

"Actionable negligence is the failure to exercise that degree of care which a reasonable and prudent man would exercise under similar conditions and which proximately causes injury or damage to another." *Martin v. Mondie*, 94 N.C. App. 750, 752, 381 S.E.2d 481, 483 (1989), *(quoting Williams v. Trust Co.*, 292 N.C. 416, 233 S.E.2d 589 (1977)). Actionable negligence "presupposes the existence of a legal relationship between the parties by which the injured party is owed a duty which either arises out of a contract or by operation of law." *Id.*, *(quoting Vickery v. Construction Co.*, 47 N.C. App. 98, 266 S.E.2d 711, *disc. review denied*, 301 N.C. 106 (1980)). Under the general common law rule known as the public duty doctrine, specifically adopted by the North Carolina Supreme Court in *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992), a municipality and its agents are deemed to act for the benefit of the general public and not for a specific individual when exercising its statutory police powers, and thus, ordinarily, no duty is owed, and there can be no liability to specific individuals. *Id.* Explaining the rationale for the general prohibition against municipal liability under the public duty doctrine, the *Braswell* Court stated:

> This rule recognizes the limited resources of law enforcement and refuses to judicially impose an overwhelming burden of liability for failure to prevent every criminal act . . . .

"The amount of protection that may be provided is limited by the resources of the community and by a considered legislative-executive decision as to how these resources may be deployed. For the courts to proclaim a new and general duty of protection in the law of tort, even to those who may be the particular seekers of protection based on specific hazards, could and would inevitably determine how the limited police resources . . . should be allocated and without predictable limits . . . ."

*Id.* at 370-71, 410 S.E.2d at 901 (citations omitted).

Yates argues, however, that G.S. § 97-10.2(e) makes no exception for municipalities based on the public duty doctrine and therefore, the City cannot employ the doctrine to avoid the consequences of its alleged negligence here. However, in construing the provisions of this State's Workers' Compensation Act, common law rules such as the public duty doctrine remain in full force and continue to apply in North Carolina, unless specifically abrogated or repealed by our General Assembly or Supreme Court. *See* N.C. Gen. Stat. § 4-1 (1986). We find nothing in the statutory language of either the Workers' Compensation Act or the Occupational Safety and Health Act of North Carolina to clearly indicate that the public duty doctrine, as relied upon by the City in this case, has been rendered inapplicable to the situation before us here.

Yates also asserts that the public duty doctrine was not developed to shield municipalities from their *affirmative* acts of negligence; therefore, it argues, the doctrine cannot be applied to the facts of this case because it has alleged active misconduct, i.e., misfeasance, on the part of the City's police officers, rather than nonfeasance. This argument must also fail. The breach of duty required for actionable negligence "may be by negligent act or a negligent failure to act", *Coleman v. Cooper*, 89 N.C. App. 188, 193, 366 S.E.2d 2, 5, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988), and the public duty doctrine has been applied to bar claims of negligence by misfeasance as well as nonfeasance. *See Hedrick v. Rains*, 121 N.C. App. 466, 466 S.E.2d 281 (1996) (action barred by public duty doctrine in negligent release of parole violator by municipal police department); *Sinning v. Clark*, 119 N.C. App. 515, 459 S.E.2d 71, *disc. review denied*, 342 N.C. 194, 463 S.E.2d 242 (1995) (action barred by public duty doctrine in negligent inspection of home by municipal building inspectors); *Clark v. Red Bird Cab. Co.*, 114 N.C. App. 400, 442 S.E.2d 75, (action barred by public duty doctrine in negligent issuance of

taxicab permit by municipal police department); *Prevette v. Forsyth County*, 110 N.C. App. 754, 431 S.E.2d 216, *disc. review denied*, 334 N.C. 622, 435 S.E.2d 338 (1993) (action barred by public duty doctrine in negligent release of dogs by municipal animal control department and shelter).

In adopting the public duty doctrine, the Supreme Court in *Braswell*, 330 N.C. 363, 410 S.E.2d 897, also adopted two generally recognized exceptions to the general prohibition against municipal liability. Liability may be imposed upon the municipality (1) where there is a special relationship between the injured party and the municipality, and (2) where the "municipality . . . creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered." *Id.* at 371, 410 S.E.2d at 902, (*quoting Coleman*, 89 N.C. App. 188, 366 S.E.2d 2). These two exceptions have been narrowly applied, *Sinning*, 119 N.C. App. 515, 459 S.E.2d 71, and neither is applicable here.

Yates does not allege any facts which would bring the case within the second exception noted above. Yates contends, however, that the first exception applies in this case because, according to its argument, G.S. § 97-10.2(e) and provisions of the Occupational Safety and Health Act of North Carolina created a special relationship between the City and Lieutenant Tise which gave rise to a special duty of protection owed to him by the City.

Our Courts have indeed recognized that a special relationship between parties, creating a special duty owed by one to the other, may be imposed by statute. *See Coleman*, 89 N.C. App. 188, 366 S.E.2d 2. In *Coleman*, this Court held that G.S. § 7A-517 *et seq.*, which deals with the treatment of juveniles who had been adjudicated abused or neglected, was intended to protect a specific class of individuals, i.e., abused children, from harm. Therefore, we held the Wake County Department of Social Services and a Department of Social Services employee owed a special duty of protection to such persons, a breach of which could support a suit for negligence. However, the statutory provisions relied upon by Yates, i.e., G.S. § 97-10.2(e), and the requirement imposed by G.S. § 95-129(1) that the City furnish to each of its employees "a place of employment free from recognized hazards that are causing or are likely to cause death or serious injury or serious physical harm to [its] employees," create no greater duty on the part of the City to protect Lieutenant Tise from the criminal acts of others

WILLIAMSON PRODUCE v. SATCHER

[122 N.C. App. 589 (1996)]

while he was executing his duties than the duty owed to the general public. Such an interpretation would be absurd; it is precisely because an area is not always safe for its citizens that law enforcement is necessary, and police officers are often necessarily confronted with danger.

Defendant Yates has not sufficiently alleged facts disclosing that a duty was owed by the City to Lieutenant Tise, an essential element of actionable negligence. Therefore, its claims attempting to bar the City's subrogation rights pursuant to G.S. § 97-10.2(e) must fail. The order of the trial court must be affirmed.

Affirmed.

Judges JOHNSON and McGEE concur.