LESLIE B. HEDRICK, AND BETSY B. MARLOWE, CO-EXECUTORS FOR THE ESTATES OF LESLIE L. BALDWIN AND GERTRUDE BALDWIN, PLAINTIFFS v. HAROLD RAINS, COLUMBUS COUNTY SHERIFF, AND COLUMBUS COUNTY, DEFENDANTS

No. COA94-1387

(Filed 6 February 1996)

1. **Appeal and Error § 103 (NCI4th)— governmental immunity claimed—immediate appeal allowed**

Although a party generally has no right to immediate appellate review of an interlocutory order, an order denying defendant's motion for judgment on the pleadings grounded on the defenses of governmental immunity and the public duty doctrine are immediately reviewable as affecting a substantial right.

**Am Jur 2d, Appellate Review § 162.**

**Appealability of order overruling motion for judgment on pleadings. 14 ALR2d 460.**

2. **Sheriffs, Police, and Other Law Enforcement Officers § 20 (NCI4th)— wrongful death action against sheriff—public duty doctrine—no pleading of special relationship**

In plaintiffs' wrongful death action against defendant sheriff who allegedly negligently released a named person from custody who subsequently murdered decedents, the trial court erred in

HEDRICK v. RAINS

[121 N.C. App. 466 (1996)]

denying defendant's motion for judgment on the pleadings, since the pleadings revealed no special relationship between defendant and decedents which imposed a duty on defendant to control a third person so as to prevent him from harming others, as there was no allegation that the third person possessed dangerous or violent propensities, that defendant knew of such propensities, or that there was any special relationship between defendant and decedents whereby defendant promised protection to decedents.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90, 94.**

**Immunity of public officer from liability for injuries caused by negligently released individual. 5 ALR4th 773.**

Appeal by defendant Harold Rains from order entered 23 August 1994 by Judge Knox V. Jenkins in Columbus County Superior Court. Heard in the Court of Appeals 19 September 1995.

*James and Jones, P.L.L.C., by Randolph M. James and Howard C. Jones, II, for plaintiff-appellees.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Allan R. Gitter and Ursula M. Henninger; and Hill & High, by James E. Hill, Jr., for defendant-appellant.*

MARTIN, John C., Judge.

Leslie and Gertrude Baldwin were murdered on 30 November 1991 by Norfolk Junior Best. Plaintiffs, co-executors of their estates, brought this wrongful death action against Columbus County and its elected sheriff, Harold Rains, alleging that their negligence proximately caused the deaths of the decedents. Specifically, plaintiffs alleged that Sheriff Rains and/or his deputies arrested Norfolk Junior Best for a probation or parole violation prior to 30 November 1991 and then negligently and unlawfully released him from custody, enabling Best to come into contact with the decedents and murder them. In a separate claim for relief, plaintiffs alleged that defendant Rains was grossly negligent, and, in an amended complaint, plaintiffs alleged that defendant Rains had released Best in violation of various statutory provisions. In the amended complaint, plaintiffs also alleged that defendant Rains had secured a sheriff's bond from an unnamed surety and that they were entitled to recover upon the bond.

Defendants answered, denying plaintiff's allegations of negligence and asserting, as affirmative defenses, *inter alia*, governmen-

tal immunity and North Carolina's public duty doctrine. Defendants also moved, pursuant to G.S. § 1A-1, Rule 12(c), for judgment on the pleadings. The trial court granted the motion with respect to the claims asserted against Columbus County, but denied the motion with respect to the claims asserted against defendant Rains. Defendant Rains gave notice of appeal.

I.

[1] Plaintiffs have moved to dismiss defendant Rains' appeal as interlocutory. Although a party generally has no right to immediate appellate review of an interlocutory order, we have held that orders denying dispositive motions grounded on the defense of governmental immunity are immediately reviewable as affecting a substantial right. *Slade v. Vernon*, 110 N.C. App. 422, 429 S.E.2d 744 (1993); *Whitaker v. Clark*, 109 N.C. App. 379, 427 S.E.2d 142, *disc. review and cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993); *Corum v. University of North Carolina*, 97 N.C. App. 527, 389 S.E.2d 596 (1990), *affirmed in part, reversed in part on other grounds*, 330 N.C. 761, 413 S.E.2d 276, *U.S. cert. denied*, 121 L.Ed.2d 431 (1992). The substantial right exception has been specifically applied to the assertion of the public duty doctrine as an affirmative defense. *Clark v. Red Bird Cab Co.*, 114 N.C. App. 400, 442 S.E.2d 75, *disc. review denied*, 336 N.C. 603, 447 S.E.2d 387 (1994). Plaintiffs' motion to dismiss the appeal as interlocutory will be denied.

II.

[2] Defendant Rains' sole assignment of error is directed to the denial of his motion for judgment on the pleadings. The function of a motion for judgment on the pleadings pursuant to G.S. § 1A-1, Rule 12(c) "is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). A party who moves for judgment on the pleadings admits two things: (1) the truth of all well-pleaded facts in the non-movant's pleading, together with all permissible inferences to be drawn from such facts; and (2) the untruth of his own allegations in so far as they are controverted by the non-movant's pleading. *Garrett v. Winfree*, 120 N.C. App. 689, 463 S.E.2d 411 (1995). Because judgments on the pleadings are summary proceedings and are final judgments, they are not favored in the law, and the movant is held to a strict standard to show that there is no material

issue of fact and that he is entitled to judgment as a matter of law. *Ragsdale*, 286 N.C. 130, 209 S.E.2d 494.

Plaintiffs base their claims against defendant Rains in negligence. Actionable negligence arises when there is a violation of some legal duty owed by a defendant to a plaintiff, *Mattingly v. R.R.*, 253 N.C. 746, 117 S.E.2d 844 (1961), and in the absence of any such duty owed the injured party by the defendant, there can be no liability. *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E.2d 2, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988).

In general, there is no duty to prevent harm to another by the conduct of a third person. *King v. Durham County Mental Health Authority*, 113 N.C. App. 341, 439 S.E.2d 771, *disc. review denied*, 336 N.C. 316, 445 S.E.2d 396 (1994), (citing *Prosser and Keeton on the Law of Torts* 56 (5th ed. 1984)). An exception to the general rule exists where there is a special relationship between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct, *Id.*, (citing *Restatement (Second) of Torts* § 315(a) (1965)); or a special relationship between the defendant and the injured party which gives the injured party a right to protection. *Restatement (Second) of Torts*, § 315(b) (1965).

Plaintiffs contend a special relationship existed between defendant Rains and Norfolk Best which imposed a duty on defendant Rains to control Best so as to prevent him from harming others, including decedents. The existence of such a relationship is recognized by the *Restatement (Second) of Torts*, § 319 (1965), which provides:

One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.

However, knowledge of the person's propensity for violence is required to impose liability under the foregoing special relationship. *King*, 113 N.C. App. 341, 439 S.E.2d 771. In this case, the complaint alleges no facts from which it may be inferred that Norfolk Best possessed dangerous or violent propensities, or that, if he did, defendant Rains knew or had any reason to know of those propensities. Thus, no issue of fact arises from the pleadings with respect to any duty owed by defendant Rains, under the special relationship exception contained in §§ 315(a) and 319 of the *Restatement (Second) of Torts*,

to control Best to prevent him from harming others. *See Marshall v. Winston*, 389 S.E.2d 902 (Va. 1990).

Likewise, the pleadings do not disclose the existence of the special relationship, a duty of protection owed by defendant Rains specifically to decedents, recognized in § 315(b) of the *Restatement (Second) of Torts*. In negligence claims against public officials, particularly those engaged in law enforcement, our courts have drawn a distinction between the duties owed to the general public and those owed to specific individuals. *See Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897, *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992); *Clark*, 114 N.C. App. 400, 442 S.E.2d 75; *Hull v. Oldham*, 104 N.C. App. 29, 407 S.E.2d 611, *disc. review denied*, 330 N.C. 441, 412 S.E.2d 72 (1991); *Martin v. Mondie*, 94 N.C. App. 750, 381 S.E.2d 481 (1989). As a general rule of common law, specifically adopted in North Carolina, known as the "public duty doctrine", law enforcement officials and agencies are deemed to act for the benefit of the general public rather than specific individuals. *Braswell*, 330 N.C. 363, 410 S.E.2d 897. Thus, ordinarily, no duty is owed, and there can be no liability to specific individuals. *Id.*

As adopted in this State, the public duty doctrine is subject to two generally recognized exceptions: "[f]irst, where there is a special relationship between the injured party and the [agency], and second, where the '[agency] . . . creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise is causally related to the injury suffered.' " *Sinning v. Clark*, 119 N.C. App. 515, 519, 459 S.E.2d 71, 74, *disc. review denied*, 342 N.C. 194, 463 S.E.2d 242 (1995) (citations omitted). However, as plaintiffs candidly concede in their brief, they failed to allege any facts which, taken as true, would impose liability under either exception. With respect to the duties owed by defendant Rains as sheriff, plaintiffs alleged only that defendant Rains was "to provide protection for the county's citizens; to train and supervise the various deputies and employees of the Columbus County Sheriff's Department, and to plan, organize, direct, and follow through on all activities of the Department in the maintenance of law enforcement and in the prevention of crime", which are undeniably duties to the general public. The complaint is absolutely devoid of any allegation of a special relationship between defendant Rains and decedents which would create any special duty owed by him to them; plaintiffs allege only that as a result of defendant Rains' negligent release of

Best, "the Decedents [sic] came in contact with Mr. Best and were murdered by him." Moreover, plaintiffs' allegations that defendant Rains was grossly negligent are insufficient to avoid judgment on the pleadings; the public duty doctrine also applies to bar claims of gross negligence. *See Sinning*, 119 N.C. App. 515, 459 S.E.2d 71. Finally, with respect to plaintiffs' allegations that defendant Rains violated various provisions of Chapter 15A of the North Carolina General Statutes in releasing Best, we note that the duties imposed by those statutes are duties owed to the general public, and create no special duties owed by defendant Rains to the individual decedents. *Id.*

We conclude that the pleadings in this case disclose that defendant Rains owed no duty to plaintiffs' decedents for which liability may arise, and that he has, therefore, established that he is entitled to judgment as a matter of law. In view of our decision, we neither discuss nor decide whether such claims are barred by governmental immunity. Furthermore, we decline to address the parties' arguments concerning the potential liability of any surety on the sheriff's official bond, as neither those arguments nor the surety are properly before us in this appeal. The trial court's order denying defendant Rains' motion for judgment on the pleadings is reversed and this cause is remanded for entry of judgment in accordance with this opinion.

Reversed and remanded.

Judges WALKER and McGEE concur.