MICHAEL LEE PARKER, Plaintiff v. DAVID L. TURNER, individually, and in his official capacity as Chief of Police of Long View, and THE TOWN OF LONG VIEW, a North Carolina municipality, Defendants

No. COA95-917

(Filed 7 May 1996)

**Sheriffs, Police, and Other Law Enforcement Officers § 22 (NCI4th)— public duty doctrine—failure of complaint to allege exceptions**

Plaintiff's complaint was insufficient to state a claim for breach of duty or negligence on the part of defendant police officers where plaintiff did not allege any facts tending to show that a special relationship existed between him and defendants or that defendants created a special duty by promising him protection which was not forthcoming; moreover, even if the public duty doctrine does not apply if law enforcement officials know when, where, and by whom a violent crime is going to be committed but make no effort to protect or assist the intended victims, plaintiff did not allege that defendants here knew such information, but only that they should have known it.

**Am Jur 2d, Public Officers and Employees § 374; Sheriffs, Police, and Constables § 159.**

**Liability of governmental officer or entity for failure to warn or notify of release of potentially dangerous individual from custody. 12 ALR4th 722.**

**Modern status of the rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances. 38 ALR4th 1194.**

Appeal by plaintiff from order entered 6 July 1995 by Judge Ronald E. Bogle in Catawba County Superior Court. Heard in the Court of Appeals 28 March 1996.

*DeVore & Acton, P.A., by Fred W. DeVore, III and William D. Acton, Jr., for plaintiff-appellant.*

*Frank B. Aycock, III for defendants-appellees.*

WALKER, Judge.

On 15 March 1995, plaintiff Michael Parker filed a complaint alleging breach of duty and negligence on the part of defendants. Defendants' motion to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) was allowed, and plaintiff appeals.

In his complaint, Michael Parker alleged the following facts. Michael and his parents, Colen and Martha Parker, owned and operated an automobile parts store in the Town of Long View. On 19 March 1992, between 9:00 and 9:30 a.m., Richard Ramseur entered the store and attempted to return a motor he had purchased several weeks earlier. Colen Parker refused to refund Ramseur's money because the motor was not in the same condition as when it was sold. Ramseur became angry and demanded his money. He then struck Colen Parker in the face and kicked him in the ribs, causing visible injuries. As he left the premises, Ramseur told Colen Parker that he would be back at 3:00 to either get his money or "a piece of [Parker's] ass."

Between 9:30 and 10:00 a.m., Michael Parker and his mother arrived at the store and immediately noticed Colen Parker's injuries. They reported the incident to the Long View Police Department. Sometime before noon, defendant David L. Turner, Long View's Chief of Police, responded to the call and observed Colen Parker's injuries. Colen Parker identified Ramseur to Chief Turner by name and description. Chief Turner advised that Colen Parker would have to go to the magistrate's office and swear out a warrant before the police could do anything about Ramseur. According to plaintiff, Chief Turner took no further action regarding the incident.

Between 3:00 and 4:00 p.m., Ramseur returned to the auto parts store and again demanded his money. Colen Parker told Ramseur that his son Michael had gone to get the money. In fact, Michael had gone to the grocery store. Ramseur again made threatening remarks and left the premises vowing to return. Colen Parker called the police at once and reported that he needed immediate assistance. Captain Rogers took the call and attempted unsuccessfully to locate a patrol officer to respond to the scene. Captain Rogers and another officer then headed for the auto parts store, about 1.5 miles away from the police station.

Meanwhile, as Ramseur was leaving the store, Michael Parker returned. Ramseur approached Michael and demanded payment for

PARKER v. TURNER

[122 N.C. App. 381 (1996)]

the motor. When Michael stated that he did not have the money, Ramseur pulled a handgun and shot Michael in the neck, causing serious injury. Ramseur then entered the store, shot and killed Colen Parker, and injured a customer. The customer escaped and flagged down the officers who were responding to Colen Parker's call. Ramseur was later convicted of murder and assault.

Upon a 12(b)(6) motion to dismiss for failure to state a claim, the issue for the trial court is whether, as a matter of law, the allegations of the plaintiff's complaint, taken as true, are sufficient to state a claim upon which relief may be granted under any legal theory. *Hull v. Oldham*, 104 N.C. App. 29, 35, 407 S.E.2d 611, 614, *review denied*, 330 N.C. 441, 412 S.E.2d 72 (1991).

Actionable negligence occurs when a defendant violates some legal duty owed to a plaintiff, and in the absence of any such duty a defendant cannot be held liable to a plaintiff. *Hedrick v. Rains*, 121 N.C. App. 466, 469, 466 S.E.2d 281, 283 (1996). Defendants contend that plaintiff's complaint failed to allege facts demonstrating the existence of any legal duty owed to plaintiff by defendants and that the trial court therefore correctly dismissed the complaint.

The general common law rule in this State, known as the "public duty doctrine," is that "a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals." *Braswell v. Braswell*, 330 N.C. 363, 370, 410 S.E.2d 897, 901 (1991), *rehearing denied*, 330 N.C. 854, 413 S.E.2d 550 (1992). Stated another way, the public duty doctrine holds that law enforcement officials owe no duty of protection to specific individuals. *Hedrick*, 121 N.C. App. at 470, 466 S.E.2d at 284. "This rule recognizes the limited resources of law enforcement and refuses to judicially impose an overwhelming burden of liability for failure to prevent every criminal act." *Braswell*, 330 N.C. at 370-71, 410 S.E.2d at 901.

Thus, plaintiff's claims here are barred unless he can show that the facts of this case fall within one of two generally recognized exceptions to the public duty doctrine:

(1)  where there is a special relationship between the injured party and the police, for example, a state's witness or informant who has aided law enforcement officers; and (2) "when a municipality, through its police officers, creates a special duty by promising protection to an individual, the protection is not forth-

coming, and the individual's reliance on the promise of protection is causally related to the injury suffered."

*Id.* at 371, 410 S.E.2d at 902 (citation omitted). Even when viewed in the light most favorable to him, plaintiff's complaint does not allege any facts tending to show that a special relationship existed between him and defendants or that defendants created a special duty by promising him protection which was not forthcoming. Indeed, in his brief, plaintiff does not argue that either of these exceptions applies to his case.

Rather, plaintiff appears to advocate the adoption of a third exception to the public duty doctrine, arguing that the doctrine does not apply if law enforcement officials know when, where, and by whom a violent crime is going to be committed but make no effort to protect or assist the intended victim(s). Plaintiff cites no case law from this State in support of such an exception, and we have found none. Moreover, even if such an exception did exist, plaintiff has not alleged that defendants here knew such information, but only that they should have known it.

In sum, plaintiff's complaint does not allege facts sufficient to state a claim for breach of duty or negligence on the part of defendants. The order of the trial court dismissing plaintiff's complaint is therefore

Affirmed.

Judges JOHNSON and WYNN concur.