DORIS HUMPHRIES, Administrator of the Estate of STACEY HUMPHRIES, Deceased; and TYRONE HUMPHRIES, Plaintiffs v. NORTH CAROLINA DEPARTMENT OF CORRECTION, Defendant

No. COA96-224

(Filed 19 November 1996)

**Sheriffs, Police, and Other Law Enforcement Officers § 20 (NCI4th)— murder and assault by prisoner on probation— evasion of house arrest—public duty doctrine—Department of Correction not liable**

The Industrial Commission erred by finding the Department of Correction negligent where one Miller was on probation and house arrest for various drug charges, with prior convictions for drug dealing, assault inflicting serious injury, and other offenses; he frequently reported to his probation officer that the leg bands necessary for his electronic house arrest were getting broken at work; the leg bands when broken could be left near the transmitter in his residence, allowing him to evade house arrest; Miller had, in fact, been fired, but his probation officer failed to contact his employer, and he assaulted plaintiff and murdered plaintiff's

decedent while evading electronic house arrest. Under the public duty doctrine, law enforcement officials and agencies are deemed to act for the benefit of the general public rather than specific individuals, with two exceptions; a special relationship between the injured party and the agency, and when the agency creates a special duty by promising protection to the agency. Nothing here indicates a special relationship and there is no indication of any promise of protection given to the plaintiffs by the probation officer or DOC.

**Am Jur 2d, Escape § 24.**

**Liability of public officer or body for harm done by prisoner permitted to escape. 44 ALR3d 899.**

Appeal by defendant from a Decision and Order entered 28 November 1995 by the North Carolina Industrial Commission. Heard in the Court of Appeals 24 October 1996.

*Judith G. Behar, for plaintiffs-appellees.*

*Michael F. Easley, Attorney General, by Don Wright, Assistant Attorney General, for the State.*

WYNN, Judge.

While on probation and under electronic house arrest Kenneth Lee McKenneth Miller shot and killed Stacey Humphries and seriously injured Tyrone Humphries. Both Tyrone Humphries and the estate of Stacey Humphries brought actions against the North Carolina Department of Corrections (DOC) under the State Tort Claims Act alleging that its probation officer negligently supervised Miller.

The record indicates that Miller, on probation and under electronic house arrest for various drug charges, had prior convictions for drug dealing, assault inflicting serious injury and larceny of a firearm, and was suspected of federal firearms violations. He frequently reported to his probation officer that the leg bands necessary to monitor him under electronic house arrest were getting broken at work. In fact, Miller had been fired from his employment, but the probation officer failed to contact his employer to determine his employment status.

When broken, the leg bands could be left near the transmitter in his residence allowing him to evade the restrictions of electronic

house arrest. On one such occasion, Miller assaulted Tyrone Humphries and killed Stacey Humphries.

The plaintiffs' actions were heard before Deputy Commissioner Scott M. Taylor who issued a decision finding that the probation officer had breached his duty to exercise ordinary care in the supervision of Miller by failing to contact Miller's employer, and that the breach proximately caused the injuries suffered by Stacey and Tyrone Humphries. Agreeing with Deputy Commissioner Scott, the Full Commission affirmed. DOC appeals from that order.

The deciding issue on appeal is whether the public duty doctrine bars plaintiffs' claim in negligence against DOC. For the reasons given in our recent opinion of *Hedrick v. Rains*, 121 N.C. App. 466, 466 S.E.2d 281, *disc. review allowed*, 343 N.C. 511, 472 S.E.2d 8 (1996), we hold that it does and therefore reverse the decision of the Full Commission.

In that case, we noted that "[a]s a general rule of common law, specifically adopted in North Carolina, known as the 'public duty doctrine,' law enforcement officials and agencies are deemed to act for the benefit of the general public rather than specific individuals." *Id.* at 469, 466 S.E.2d at 283. The public duty doctrine, adopted by our Supreme Court in *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), has two well recognized exceptions:

> [f]irst, where there is a *special relationship* between the injured party and the [agency], and second, where the "[agency] . . . creates a *special duty* by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise is causally related to the injury suffered."

*Hedrick*, 121 N.C. App. at 470, 466 S.E.2d at 284 (quoting *Sinning v. Clark*, 119 N.C. App. 515, 519, 459 S.E.2d 71, 74, *disc. review denied*, 342 N.C. 194, 463 S.E.2d 242 (1995) (citations omitted)) (emphasis added). These two exceptions have been very narrowly applied in this state. *Clark v. Red Bird Cab Co.*, 114 N.C. App. 400, 404, 442 S.E.2d 75, 78, *disc. review denied*, 336 N.C. 603, 447 S.E.2d 387 (1994).

Nothing in the record of the case *sub judice* indicates a special relationship between Stacey and Tyrone Humphries and the DOC. Moreover, to make out a *prima facie* case under the special duty exception, "plaintiff must show that an actual promise was made by

the police to create a special duty, that this promise was reasonably relied upon by the plaintiff, and that this reliance was causally related to the injury ultimately suffered by plaintiff." *Braswell*, 330 N.C. at 371, 410 S.E.2d at 902. There is no indication of any promise of protection given to Tyrone or Stacey Humphries by Mr. Miller's probation officer or the DOC.

Since neither exception to the public duty doctrine applies in this case, the general rule dictates that the probation officer and the DOC owed a duty to the general public at large, and not to Tyrone and Stacey Humphries specifically. Where, as here, there is no duty owed to the injured party, there can be no negligence. Accordingly, we hold that the Industrial Commission erred in finding DOC negligent.

Reversed.

Judges JOHN and McGEE concur.